IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| SODJINE PAUL ANATO and SARAH ANATO,<br><br>Plaintiffs,<br><br>vs.<br><br>USDA RURAL DEVELOPMENT, LAD BARNEY, CAROL LECHNER, JOANNE BOWERS, MATT JONES,<br><br>Defendants. | DV 12-103-GF-SEH<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS CLAIMS AND SUBSTITUTE PARTIES, AND DENY PLAINTIFFS' MOTION FOR INJUNCTION** |

## I. Synopsis

Plaintiffs Sodjine and Sarah Anato sued Defendants, asserting 20 claims, generally alleging that Defendants improperly denied them a home loan. Defendants move for dismissal of most claims for lack of jurisdiction and/or failure to state a claim. Defendants' arguments regarding defects in Plaintiffs' claims are correct. The motion should be granted.

Separately, Plaintiffs have moved for a temporary restraining order.

1

Dismissal of the majority of their claims will render that motion moot. It should be denied.

## II. Jurisdiction

Plaintiffs filed this case in the Montana Ninth Judicial District, in Glacier County, Montana. CD 3. Defendants removed the case to federal court. CD 1. Removal was proper. 28 U.S.C. § 1442(a)(1). The court has personal jurisdiction over the parties, all of whom are found in Montana. Mont. R. Civ. P. 4(b)(1)(A); Fed. R. Civ. P. 4(k)(1)(A). The case was originally removed to the Missoula Division, but later transferred to the Great Falls Division pursuant to Local Rule 1.2(c)(3). The case was assigned to the Hon. Sam E. Haddon, Senior United States District Judge, and referred to the undersigned.

## III. Status

Plaintiffs filed an Amended Complaint on April 11, 2013. CD 24. It is their operative pleading.

Defendants filed a Motion to Dismiss and Substitute Parties on April 25, 2013, seeking to dismiss most of the claims in the Amended Complaint. CD 27. The motion is supported by a brief. CD 28. Plaintiffs responded on May 8, 2013. CD 32. Defendants replied on May 17, 2013. The motion is fully briefed and ripe for consideration.

Plaintiffs filed a Motion for Preliminary Injunction , CD 25, on April 16, 2013. Defendants responded on April 30, 2013. CD 30. Plaintiffs did not reply. The time to do so has passed. Local Rule 7.1(d)(1)(C).

### IV. Allegations

Plaintiffs' Complaint is 33 pages long, with 20 counts. The factual allegations are convoluted. However, Defendants have accurately and succinctly summarized the allegations. Defendants have also accurately stated the law as it pertains to those allegations. Because those claims at issue here are clearly subject to dismissal, the allegations and Defendants' arguments will be set forth only briefly.

**Count 1**

Plaintiffs allege they were denied a loan based on race.

**Count 2**

Plaintiffs allege the USDA was negligent in allowing Mr. Barney to deny their loan.

**Count 3**

Plaintiffs allege Mr. Barney breached his contract with the Anatos by failing to comply with the USDA's employee handbook.

**Count 4**

Plaintiffs allege Mr. Barney violated their civil rights by denying them "appeal right."

**Count 5**

Plaintiffs allege the USDA negligently allowed its agents to interfere with Plaintiffs' constitutional rights.

**Count 6**

Plaintiffs allege Mr. Jones negligently failed to supervise USDA employees.

**Count 7**

Plaintiffs appear to allege that Mr. Jones failed to properly train and supervise USDA employees.

**Count 8**

Plaintiffs allege Mr. Barney and Ms. Bower "abused their professional power to suspend the loan."

**Count 9**

Plaintiffs allege the USDA violated their due process by failing to provide them with a loan at a favorable interest rate.

**Count 10**

Plaintiffs allege the USDA delayed processing of their loan.

**Count 11**

This count is a word-for-word restatement of Count 10.

**Count 12**

Plaintiffs allege their rights under the Equal Credit Opportunity Act (ECOA) were violated, though they do not attribute the violation to a particular defendant.

**Count 13**

Plaintiffs allege Mr. Barney, Ms. Bowers, Mr. Jones, and Ms. Lechner subjected Plaintiffs to cruel and unusual punishment by forcing them to live in a moldy, hazardous home.

**Count 14**

Plaintiffs allege the USDA implemented racially discriminatory policies in violation of the ECOA.

**Count 15**

Plaintiffs allege Defendants caused them emotional damage leading to, or resulting from, a deprivation of sleep (the allegation is ambiguous).

**Count 16**

The final five counts consist only of titles. This one says: "Delay in processing 2003 Loan."

**Count 17**

"Delay in processing 2004 loan."

**Count 18**

"Delay in processing 2005 loan."

**Count 19**

"Delay in processing 2007 loan."

**Count 20**

"Delay in processing 2012 loan."

## V. Defendants' Arguments and Analysis

**Count 3**

Defendants argue that Count Three of Plaintiffs' Complaint should be dismissed with prejudice. Defendants argue that only the Court of Claims has jurisdiction over contract claims against the United States exceeding $10,000. Citing 28 U.S.C. § 1491(a)(1); 1346(a)(2). Here, Plaintiffs seek more than $250,000. CD 20. Thus, Defendants argue that the district court does not have jurisdiction over the claim.

Defendants are correct. The district court lacks jurisdiction over Count 3 and should dismiss it. Even if the court had jurisdiction, it is immediately obvious that the USDA employee handbook does not constitute a contract between

6

Defendants and Plaintiffs.  See Williston on Contracts § 1:1 (4th ed.).

**Counts 2, 5, 6, 7, 8, 9, 10, 11, 15**

Defendants argue that the United States should be substituted for the federal employees (Defendants Mr. Barney, Ms. Lechner, Ms. Bowers, and Mr. Jones) named in Counts 2, 5, 6, 7, 8, 9, 10, 11 and 15.  These counts all allege tort claims against USDA employees for actions within the course and scope of their employment – specifically, processing loan applications.  Thus, Defendants argue the United States is the proper Defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679(b)(1).  Similarly, Defendants argue that the USDA is an improper defendant in a tort claim and should be substituted with the United States.  28 U.S.C. §§ 1346(b); 2679(a).

Defendants are correct: The United States is the proper defendant for the allegations in Counts 2, 5, 6, 7, 8, 9, 10, 11, and 15, and should be substituted.  28 U.S.C. § 2679(a), (b).

Defendants contend that those claims should then be dismissed because Plaintiffs have not filed an administrative claim, which is a necessary precursar to a tort claim against the United States.  Citing 28 U.S.C. § 2675(a).

These counts should be dismissed.  The allegations generally do not appear to state viable claims. Fed. R. Civ. P. 8(a);  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). But regardless of the merits of the allegations, Defendants have accurately pointed out Plaintiffs' failure to satisfy the jurisdictional requirement of filing administrative claims.

**Counts 9 and 13**

Defendants argue that if Counts 9 and 13 can be construed as constitutional tort claims against the United States, they should be dismissed because the United States has not waived sovereign immunity to claims of that type. Citing Arnsberg v. United States, 757 F.2d 971 (9th Cir. 1984); F.D.I.C. v. Meyer, 510 U.S. 471, 486 (U.S. agency also immune to constitutional tort claim).

Defendants are correct; the United States and its agencies retain sovereign immunity to constitutional torts. Arnsberg, 757 at 980 ("Bivens does not provide a means of cutting through the sovereign immunity of the United States itself."). As an agency of the United States, the USDA is immune to the constitutional tort claim and should be dismissed. Therefore Count 9, which alleges a constitutional tort against the USDA should be dismissed.

However, federal employees are not immune. See <u>Bennett v. Campbell</u>, 564 F.2d 329, 331-32 (9th Cir. 1977). Therefore Count 13, which alleges a constitutional tort against Mr. Barney, Ms. Lechner, Ms. Bowers, and Mr. Jones should not be dismissed on the basis of sovereign immunity <u>if</u> the plaintiffs are suing those defendants in an individual capacity. See <u>Daly-Murphy v. Winston</u>, 837 F.2d 348 (9th Cir. 1987) (a <u>Bivens</u> action can be maintained against a defendant in his or her individual capacity only).

**Counts 16, 17, 18, 19, and 20**

Defendants argue that Counts 16 through 20 should be dismissed for failure to state a claim. Defendants also argue that Counts 16 through 19 are barred by the Equal Credit Opportunity Act statute of limitations and should be dismissed with prejudice.

The mere titles listed in Counts 16 through 20 fail to present a "short and plain statement of the claim showing that the pleader is entitled to relief," and therefore do not comply with Federal Rule of Civil Procedure 8(a). They should be dismissed. The undersigned also notes that any allegations of alleged ECOA violations prior to 2009 are barred by the statute of limitations. 15 U.S.C. § 1691e(f)(amended in 2010 to extend statute of limitations from two years to five years, see *infra*).

**Counts 1, 12, 14, 20**

Defendants argue that counts 1, 12, 14, and 20 also arise under the ECOA, and any portion of those counts based on actions prior to July 2008 are barred by the statute of limitations. Defendants argue that such portions of the claims should be dismissed.

Defendants are correct. The statute of limitations for the ECOA is five years. 15 U.S.C. § 1691e(f). However, prior to July 21, 2010, the statute of limitations was two years. See Public Law 111-203 (Dodd-Frank Wall Street Reform and Consumer Protection Act) Sec. 1085 (July 21, 2010)(amending statute of limitations from two years to five years).

"A statute of limitations may not be applied retroactively to revive a claim that would otherwise be stale under the old scheme." Chenault v. United States Postal Service, 37 F.3d 535, 538 (9th Cir. 1994). Thus, any allegations of ECOA violations prior to July 2008 are barred by the statute of limitations. To the extent Plaintiffs raise such allegations, they should be dismissed.

**Service of process**

Plaintiffs have served the United States with their Complaint and summons. CD 1-4. The remaining parties have not been properly served in their individual capacities. Fed. R. Civ. P. 4(e); 4(i)(3). It is unclear whether Plaintiffs intend to

sue Mr. Barney, Ms. Lechner, Ms. Bowers and Mr. Jones in their official or individual capacities. If Plaintiffs intend to sue these Defendants in their personal capacity, Plaintiffs must effectuate service on each Defendant in compliance with Fed. R. Civ. P. 4(e). See Daly-Murphy, 837 F.2d at 355 (Because a Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity, the failure to perfect individual service is fatal to a Bivens action against government employee defendants).

**Jury trial**

Defendants argue that Plaintiffs are not entitled to a jury trial on claims against an agency of the United States or federal employees acting in the course and scope of their employment. CD 28, pp. 29-30.

Defendants are correct. The United States is immune to suit except to the extent it consents to be sued, and on the terms it consents to suit. United States v. Testan, 424 U.S. 393, 399 (1976). "When Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial." The ECOA does not provide the right to a jury trial, so sovereign immunity precludes that right. Haynie v. Veneman, 272 F.Supp.2d 10 (D.D.C. 2003). Plaintiffs' demand for a jury trial should be denied as to any claims arising under the ECOA.

**Motion for Injunction**

In light of the recommended dismissal of the claims on which Plaintiffs based their injunction request, the request is baseless. It should be denied.

**Status**

The remaining claims not recommended for dismissal are counts 4 and 13, along with counts 1, 12 and 14 to the extent those counts allege violations of the Equal Credit Opportunity Act. Following the District Court's ruling on the motions considered herein, the undersigned will issue a scheduling order for the litigation of whatever claims remain.

The court **FINDS:**

1. The district court lacks jurisdiction over Count 3 of the Amended Complaint, which is a contract claim against the United States seeking more than $10,000.

2. The proper defendant in Counts 2, 5, 6, 7, 8, 9, 10, 11 and 15 of the Amended Complaint is the United States.

3. Plaintiffs have not established that they filed administrative claims before proceeding with their tort claims against the United States in Counts 2, 5, 6, 7, 8, 9, 10, 11 and 15 of the Amended Complaint.

4. The USDA is immune to the constitutional tort claim alleged in Count 9.

5. Counts 16 through 20 fail to state a claim on which relief can be granted.

6. Violations of the Equal Credit Opportunity Act alleged to have occurred prior to July 2008 are statutorily barred.

The court **RECOMMENDS:**

1. Counts 3 and 9 of the Amended Complaint should be dismissed with prejudice.

2. Counts 2, 5, 6, 7, 8, 10, 11, 15, 16, 17, 18, 19 and 20 of the Amended Complaint should be dismissed without prejudice.

3. Any allegations in Counts 1, 12 and 14 of the Amended Complaint regarding violations of the Equal Credit Opportunity Act prior to July 2008 should be dismissed with prejudice.

4. Plaintiffs' demand for a jury trial should be denied in regard to claims under the Equal Credit Opportunity Act.

5. Plaintiffs' Motion for Preliminary Injunction, CD 25, should be denied.

6. Plaintiffs should be ordered to submit status updates within 14 days of the district court's order. Plaintiffs should be ordered to include in their status update:

    A. Whether or not they intend to sue Defendants Lad Barney, Carol Lechner, Joanne Bowers, and Matt Jones in individual capacities;

    B. How they intend to proceed with service of process in regard to any Defendants who have not been served.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may waive a de novo determination by the district judge.

Dated the 4th day of June, 2013.

                                          /s/ Keith Strong
                                          Keith Strong
                                          United States Magistrate Judge