IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| SODJINE PAUL ANATO and SARAH ANATO,<br><br>    Plaintiff,<br><br> vs.<br><br>USDA RURAL DEVELOPMENT, LAD BARNY, CAROL LECHNER, JOANNE BOWERS, and MATT JONES,<br><br>    Defendant. | CV-12-103-GF-SEH<br><br>**ORDER IN RE IFP MOTION AND STATUS REPORT AND FINDINGS AND RECOMMENDATION TO DENY CERTIFICATE IFP STATUS FOR APPEAL** |

## I. Synopsis

The Hon. Sam E. Haddon ordered Plaintiffs to file a status report on or before July 12, 2013. They have not done so, but did file a financial affidavit that refers to an appeal, an application to proceed *in forma pauperis* (IFP) on appeal, and blank summonses. Plaintiffs must file the status report, as Judge Haddon ordered. The summonses will not be served or considered until Plaintiffs provide

the status report.

The IFP motion is unnecessary; as the Federal Rules of Appellate Procedure presume IFP plaintiffs wish to retain IFP status on appeal and permit them to do so unless the District Court certifies that an appeal would not be in good faith.  In fact, the District Court should certify in this case that an appeal would not be in good faith, as the dismissed claims clearly lack merit.

## II. Jurisdiction

Plaintiffs initiated this lawsuit by filing the case in the Montana Ninth Judicial District Court.  CD 1-2.  Defendants removed the case to federal court, and it was assigned to the undersigned.[1]  CD 1.  Plaintiffs have filed documents suggesting an intent to appeal.  CD 41.  However, they have not filed a Notice of Appeal, so jurisdiction remains at the district court level.  Federal Rules of Appellate Procedure 3(a)(1).

## III. Status

Plaintiffs served a state court summons and a copy of the Complaint on Defendants USDA Rural Development and Lad Barney at a USDA Rural Development business address.  CD 1-4.  Plaintiffs also were granted IFP status by

[1]The case was initially, mistakenly venued in the Missoula Division of the District of Montana and assigned to United States Magistrate Judge Jeremiah Lynch.  It was then transferred to the Great Falls Division and assigned to this court, which Local Rules 1.2 and 3.2 provide is the proper venue.  See CD 1, 7.

the Montana District Court prior to removal of this case to federal court. CD 4.

This court has honored their IFP status. Because Plaintiffs already served the

Complaint on Defendants, this court has not pre-screened the Complaint, pursuant

to 28 U.S.C. § 1915A, to determine if it is frivolous, malicious, fails to state a

claim on which relief can be granted, or seeks monetary relief from an immune

defendant.

Plaintiffs requested a preliminary injunction, attempting to enjoin a non-

party, on April 16, 2013. CD 25. Defendants filed a Motion to Dismiss the

majority of Plaintiffs' Complaints on April 25, 2013. CD 27. The Hon. Sam E.

Haddon denied Plaintiffs' Motion for a Preliminary Injunction dismissed most

counts in Plaintiffs' Complaint in an Order filed June 27, 2013. CD 40.

Following Judge Haddon's Order, the remaining claims are: Count 4, Count

13, and Count 1, 12, and 14, to the extent they allege violations of the Equal Credit

Opportunity Act after July 2008.

The Order directed Plaintiffs to file a status report explaining how they

intended to proceed on the remaining counts. They were instructed to state

whether they intended to sue the  government employees named in the Complaint

in their individual or official capacities. Plaintiffs were ordered to file the report on

or before July 12, 2013. CD 40.

**IV. Facts**

Plaintiffs have not filed a status report. They did, however, file: 1) an

application to proceed IFP on appeal, accompanied by an affidavit in support, and

2) summonses with the names and addresses of the government officials identified

in Plaintiffs' Complaint.

**IV. Standards**

**Appealing in forma pauperis**

Assuming there is a right to appeal, Plaintiffs who have been granted IFP

status may appeal without charge unless the district court certifies that an appeal

would not be in good faith. Federal Rule of Appellate Procedure 24; McGann v.

U.S., 362 U.S. 309 (1960) (per curiam).

A party has an immediate right to appeal denial of an injunction request. 28

U.S.C. § 1292(a)(1). Otherwise, only a "final order" is generally appealable. 28

U.S.C § 1291. An order is "final" if it ends the litigation on the merits and leaves

nothing for the court to do but execute the judgment. Cunningham v. Hamilton

County, Ohio, 527 U.S. 198, 204 (1999). A district judge may certify an

otherwise-unappealable order as final if the judge believes an immediate appeal

from the order may materially advance the ultimate termination of the litigation.

28 U.S.C § 1292; Federal Rule of Civil Procedure 54(b).

### V. Analysis

The district court should certify in this case than an appeal would not be in good faith, as the claims lack any merit.  The injunction request is vague, seeks to regulate a Defendant's conduct with respect to a non-party (collection of a check from a bank),  fails to show that Plaintiffs would suffer immediate harm but for the injunction and, especially, fails to show a likelihood that they will prevail on the merits – particularly since most of their claims have now been dismissed. Plaintiffs may appeal the denial of their request for a preliminary injunction,  28 U.S.C. § 1292(a)(1), but they should not be permitted to do so in forma pauperis.

Plaintiffs have no present right to the other counts dismissed in the district court's order because they are not final decisions under 28 U.S.C § 1291, and do not invoke appellate jurisdiction under 28 U.S.C § 1292.  <u>Cunningham</u>, 527 U.S. at 204.  However, those claims are equally flawed.  They fail to invoke jurisdiction (Counts 2, 3, 5, 6, 7, 8, 10, 11, and 15), name an immune defendant (Count 9), fail to state a claim (16, 17, 18, 19, and 20), or are barred by the statute of limitations (1, 12, 14).  The irreparable deficiencies of those counts are absolutely clear; no reasonable jurist could come to a different conclusion.

None of the claims dismissed by Judge Haddon's Order has merit. Therefore no appeal of the Order would be in good faith.  Plaintiffs should not be

permitted to appeal IFP.

**Summonses**

Plaintiffs submitted summonses suggest they intend to sue the government employees in their personal capacities, though that is not explicit. Plaintiffs were specifically ordered to file a status report regarding the government employees. The order was intended to clarify Plaintiffs' intentions and ensure efficiency and fairness to the court and Defendants.

Plaintiffs filed no status report. Instead, Plaintiffs submitted summonses without explanation, leaving the court and the parties to guess their intentions. The court will not. Plaintiffs must comply with Judge Haddon's Order. Neither their summonses nor any pleadings or motions they file will be considered until Plaintiffs submit a status report, setting forth who they intend to sue, in what capacity, and how they intend to have each defendant served. Plaintiffs are reminded that many of their claims have been dismissed, and will not be further considered by this court. Plaintiffs status report and any subsequent filings should address only the remaining claims.

It is ORDERED:

1. On or before August 16, 2013, Plaintiffs must file a status report. The report must set forth in clear, plain language:

   A. who they intend to sue,

6

B.     in which capacity: official, individual, or both,

C.     on which of the remaining counts, and

D.     how they intend to serve any Defendants who have not already been adequately served with process.

2.     Plaintiffs' Motion for Leave to Appeal In Forma Pauperis, CD 41, is extraneous because Plaintiffs were already granted IFP status, and is therefore DENIED.

Dated the 5th day of August, 2013.

/s/Keith Strong
Keith Strong
United States Magistrate Judge

The court FINDS:

1.     The Plaintiffs' Motion for a Preliminary Injunction, CD 25, is so lacking in merit that no reasonable jurist could disagree with the District Court's denial of that motion.

2.     The counts dismissed by the District Court's Order, CD 40, are so defective that no reasonable jurist could disagree with dismissal.

The Court RECOMMENDS:

1.     The District Court should certify pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that an appeal at this stage of the proceedings would not be in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Either party may serve and file written objections to these Findings and Recommendations within 14 days of the date the Findings and Recommendations are entered, as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If a party files objections, he or she must itemize each factual finding to which objection is made and identify the evidence in the record that contradicts the finding. Failure to assert a relevant fact or argument in objecting to these findings and recommendations may preclude the party from relying on that fact or argument at a later stage of the proceeding.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file a written objection may bar a de novo determination by the district judge and/or waive the right to appeal.

These findings and recommendations are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a) should not be filed until entry of the District Court's final judgment.

Dated the 5th  day of August, 2013.

Keith Strong
United States Magistrate Judge