IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SODINE PAUL ANATO and SARAH ANATO,<br><br>Plaintiff,<br><br>vs.<br><br>LAD BARNEY, CAROL LECHNER, JOANNE BOWERS, MATT JONES, JANELLE GUSTAFSON, JENNIFER NEWBOLD, JOHN D. GUTHMILLER, DEBORAH CHORLTON, ANTHONY J. PREITE, and UNKNOWN FEDERAL WORKERS,<br><br>Defendants. | CV-12-103-SEH-RKS<br><br>**FINDINGS AND RECOMMENDATION TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS ON ALL REMAINING COUNTS** |

## I. Synopsis

Plaintiffs seek monetary damages from federal employees for temporarily suspending Plaintiffs' application for a home equity line of credit. Defendants have moved for summary judgment on all claims. Plaintiffs' Third Amended Complaint states only vague, conclusory allegations. Defendants are entitled to

1

summary judgment several independent grounds. Defendants' Motion should be granted and this case dismissed.

## II. Jurisdiction

Plaintiffs initiated this lawsuit by filing a complaint in Montana's Ninth Judicial District. Doc. 1-2. Defendants removed the case to federal court. Doc. 1. Subject matter jurisdiction exists because Plaintiffs allege violations of federal law. 28 U.S.C. § 1331. The case is properly venued in the Great Falls Division, which includes all the counties in Montana's Ninth Judicial District. Local Rule 1.2(c)(3). The case is assigned to Senior United States District Judge Sam E. Haddon, doc. 17, and referred to the undersigned to conduct necessary hearings and submit proposed findings of fact and recommendations on dispositive motions, doc. 18.

## III. Status

Plaintiffs' operative pleading is their Third Amended Complaint, doc. 53. Now pending is Defendants' motion to substitute the United States for the individual defendants, and to dismiss the case or grant summary judgment in Defendants' favor. Doc. 69. That motion is fully briefed. Docs. 70, 71, 83,[1] 84,

---

[1]This brief filed by Plaintiffs is captioned "Response to Answer Federal Defendants." As the Federal Rules of Civil Procedure to do not provide for a response to an Answer, and the brief was filed shortly after Defendants' Motion for Summary Judgment, the document is construed as a response to the summary judgment motion. It has been reviewed and considered.

88, 89. Also pending is Plaintiffs' "motion to deny certification of scope of employment." Doc. 82. Defendants responded to this motion. Doc. 85. The motion is deemed ripe. Local Rule 7.1(d)(1)(D).

Non-prisoner pro se plaintiffs are not entitled to special notice regarding potential consequences of a motion for summary judgment or advise on how to resist the motion. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Nevertheless, it is clear from their filings that Plaintiffs in this case appreciate the significance of a motion for summary judgment and have had ample opportunity to resist the motion. See e.g. Doc. 88, opposing Defendants' Statement of Undisputed Facts ("The Plaintiffs are opposed to Defendants motion to dismiss or in the alternative for summary judgment . . . dismissal is not appropriate because the Federal Employees have exceeded their scope of work and violated the Plaintiffs constitutional right.").

These pending motions were preceded by many prior docket entries. Activity in the case prior to Plaintiffs' Third Amended Complaint will be described as necessary in the analysis.

## IV. Standards

**Federal Tort Claims Act Jurisdiction**

A Federal Tort Claims Action may not be instituted against the United States unless the claimant first presents his claim to the appropriate federal agency and the claim is denied. 28 U.S.C. § 2675(a). This requirement is a jurisdictional limitation. *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977). The court should dismiss tort claims subject to the Federal Tort Claims Act for lack of subject matter jurisdiction if the claimant did not comply with the administrative claim requirements. *Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992).

**Summary judgment**

The court shall grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159. Filings by pro se litigants are entitled to special deference, and are not held to the standards of attorneys. *Eldridge v. Block*, 832

F.2d 1132, 1137 (9th Cir. 1987).

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The materiality determination rests on substantive law. *Id.* A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## V. Facts

The facts of this case are well known to the parties, and are recounted here only briefly.

**Background**

Plaintiffs obtained a home loan from the United States Department of Agriculture Rural Development program in 2003. Doc. 53 at 4. In the following years, Plaintiffs became delinquent on the loan and accumulated credit card debt, and declared bankruptcy in 2008. Doc. 20 at 4.

Plaintiffs applied to refinance their loan in 2011, seeking additional money to make repairs to their home. They were approved for an additional $34,000 loan. Doc. 53 at 4. In 2012, the USDA suspended processing of the loan. Doc. 53 at 4. The suspension was based on allegations Plaintiffs failed to notify the USDA of insurance proceeds Plaintiffs had received to make repair to the house, including

an insurance check made out to Plaintiffs and the USDA jointly.  Doc. 71 at 5.

The USDA instructed Plaintiffs that they did not have a right to appeal the suspension because no benefits had actually been denied, as the suspension was not a final, adverse decision.  Doc. 53 at 4, Doc. 70 a 12.  However, the USDA provided Plaintiffs with information about how to request a review from the USDA National Appeal Division. Doc. 72 at 5.  Plaintiffs did appeal, and the National Appeals Board ruled in their favor – finding that the agency decision to delay processing of the loan pending the investigation was erroneous.  Doc. 72 at 6.  The USDA resumed processing the loan in August 2013 by sending a letter to Plaintiffs requesting updated information.  Doc. 72 at 6.

Michael Cotter, United States Attorney for the District of Montana, certified that Defendants Lad Barney, Carol Lechner, Joanne Bowers, Matt Jones, Janelle Gustafson, Jennifer Newbold, John D. Guthmiller, Deborah Chorlton, and Anthony J. Preite were employees of the United States Department of Agriculture acting within the scope of their employment with respect to the conduct alleged in Plaintiffs' Third Amended Complaint.  Doc. 68.  Each Defendant also filed affidavits stating that activities related to Plaintiffs' loan application were in the course of each Defendants' work.  Docs. 72-80.

**Allegations**

Plaintiffs allege generally that Defendants violated their rights by suspending loan processing. The enumerated claims in their Third Amended Complaint are:

1. "Failure to Remedy Wrong" - alleging each of the defendants "still have refused to process the loan until now," causing Plaintiffs damages.

2. "Gross Negligence in Managing Subordinates" - alleging each defendant "has failed to manage Subordinates which has cause the Plaintiffs to lose their Constitutional Right."

3. "Violation of the Fifth Amendment" - alleging defendants violated their rights by denying them a loan without due process.

4. "Creation of a Policy" - alleging defendants are liable for suspending Plaintiffs a loan "even though they know that it's against the USDA regulation."

5. "Violation of the Plaintiffs Eighth Amendment" - alleging all defendants subjected Plaintiffs to cruel and unusual punishment by forcing them live in "the black mold and a hazardous environment as a punishment for the false and unproven allegation that the Plaintiffs stole the USDA money . . ."

6. "Negligent Infliction of Emotional Distress" - alleging all defendants caused Plaintiffs emotional damages by forcing them to reside in a hazardous environment.

7. "Negligence and Civil Right" - alleging defendants Matt Jones and Anthony Preite failed to properly train employees or establish proper policies.

8. "Procedural Due Process Violation" - alleging all defendants suspended Plaintiffs' loan without providing them due process.

## VI. Analysis

**A. Counts 1, 2, 4, 6 and 7 should be construed as claims against the**

**United States and dismissed for failure to file an administrative claim.**

All tort claims should be dismissed. The District Court previously held in this case that tort claims against federal employees for actions in the course and scope of their employment are not viable, and that the United States must be substituted for those parties. Docs. 36, 40; 28 U.S.C. § 2679(b)(1) (Federal Employees Liability Reform and Tort Compensation Act).

As the District Court also previously recognized in this case, the tort claims should also be dismissed as to the proper defendant – the United States – because Plaintiffs did not raise them in an administrative claim. Docs. 36, 40. An administrative claim is a prerequisite to a tort claim against the United States. *Id.*, 28 U.S.C. § 2675(a). The court lacks subject matter jurisdiction over those claims. *Jerves*, 966 F.2d at 521.

**B. Counts 3, 5 and 8 should be dismissed because they do not state viable claims.**

Defendants assert four alternative grounds for dismissal of Plaintiffs' Constitutional claims. Doc. 70 at 8-22. Each provides an adequate, independent basis for dismissal of the Constitutional claims. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (threadbare recitals and conclusory statements insufficient to state a claim); *Butz v. Economou*, 438 U.S. 478, 512-516 (1978) (immunity for agency

officials for initiating administrative proceedings and attorneys representing government in proceedings); *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983) (immunity for witnesses who testify at administrative hearing); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity for government officials and employees for conduct in course of employment that does not violate clearly established rights); *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 72-74 (2001) (no private right of action against federal employees if Congress has provided meaningful safeguards and remedies for party's rights).

    **C.**    **Plaintiffs' Motion to Deny Certification of Scope of Employment for Defendants should be dismissed.**

Plaintiffs' motion appears to argue that Defendants were acting outside the course and scope of their employment when they suspended processing of Plaintiffs' loan.[2] Plaintiffs' bear the burden of proving Defendants were acting outside the scope of their employment. *Billings v. U.S.* 57 F.3d 797, 800 (9th Cir. 1995). The motion simply recites Plaintiffs' liability allegations and makes conclusory statements that Defendants were acting outside their scope of their employment. The motion depends entirely on vague, unsupported, and speculative

---

[2] Defendants convincingly argue that many of them had no involvement whatsoever in suspending Plaintiffs' loan processing. Se Doc. 69 and supporting brief and affidavits. It is unnecessary to discuss whether and to what extend each Defendant was involved because Plaintiffs' motion fails as to any Defendant, regardless of degree of involvement.

9

accusations. It does not overcome the specific sworn affidavits filed by Defendants. Indeed, Plaintiffs' motion fails to even raise a legitimate factual dispute as to whether Defendants' alleged conduct was in the scope of their employment. The motion should be denied.

## VII. Conclusion

Defendants have shown that there is no genuine issue of material fact in this case, and that they are entitled to summary judgment. The District Court should grant summary judgment, and should deny a Certificate of Appealability.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Despite several amendments to their pleadings and the benefit of liberal interpretation by the court, Plaintiffs' still provide only vague and conclusory allegations to the effect that they were somehow caused millions of dollars in damages when their loan processing was temporarily suspended because Plaintiffs

may have improperly used insurance proceeds. Some of these vague allegations demands millions of dollars from Defendants who apparently had nothing whatsoever to do with the suspension. The allegations are entirely without merit, and no reasonable jurist could disagree. If the District Court certifies that an appeal would not be in good faith, Plaintiffs will still have the right to appeal. They would simply be required to pay the standard fee to file the appeal.

It is RECOMMENDED

1. The District Court should GRANT Defendants' Motion to Dismiss, doc. 69, and dismiss Counts 1, 2, 4, 6 and 7 of Plaintiffs' Third Amended Complaint for lack of subject matter jurisdiction.

2. The District Court should GRANT Defendants' Motion for Summary Judgment, doc. 69, granting summary judgment in Defendants' favor on Counts 3, 5, and 8 of Plaintiffs Third Amended Complaint.

2. The District Court should DENY Plaintiffs' Motion to Deny Certification of Scope of Employment, doc. 82.

3. The Clerk of Court should be directed to enter Judgment in favor of the DEFENDANTS.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may waive a de novo determination by the district judge.

Dated the 8th day July, 2014.

Keith Strong
United States Magistrate Judge